# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2024

Lyle W. Cayce
Clerk

No. 24-10105
Summary Calendar

Trend Intermodal Chassis Leasing, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Zariz Transport Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1143

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Trend Intermodal Chassis Leasing, L.L.C. ("Trend") appeals the district court's dismissal of its claim and vacatur of all maritime attachments and garnishments. For the reasons set forth below, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10105

## I.     Background

Zariz Transport Incorporated ("Zariz") is a trucking business that transports cargo from ports and docks to its customers' warehouses across the United States.  In November 2020, Zariz and Trend entered into a Master Lease Agreement, which gave Zariz the right to lease equipment from Trend.  The parties subsequently entered into several agreements for the lease of various transportation equipment, including intermodal chassis.  Intermodal chassis are wheeled trailer vehicles designed to carry intermodal shipping containers.  Zariz used these chassis to transport containers that had been previously unloaded from docked ships.

Zariz failed to pay the fees and charges required under the lease agreements.  In May 2023, Trend issued a notice of default and demanded overdue payments and the return of its chassis.  The parties entered into a settlement agreement, but Zariz did not pay the agreed upon amount.  Trend subsequently filed a verified complaint in the Northern District of Texas, alleging breach of maritime contract and seeking issue of process of maritime attachment and garnishment.  The complaint asserted admiralty and maritime jurisdiction under 28 U.S.C. § 1333.  Pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Trend subsequently filed a motion for issuance of process of maritime attachment and garnishment.  Trend also filed a motion for appointment for service of process for maritime attachment and garnishment.

The district court referred the case for pretrial management to a magistrate judge, who granted Trend's motions.  The parties later consented to having the magistrate conduct all further proceedings, and the district court reassigned the case pursuant to 28 U.S.C. § 636(c)(1).  Zariz subsequently filed an emergency motion to vacate the attachments and garnishments, contending that the court lacked admiralty and maritime

jurisdiction because the lease agreements are not maritime contracts. The magistrate held a hearing under Rule E(4)(f) and ultimately agreed that the court lacked jurisdiction. Accordingly, the magistrate vacated the attachments and garnishments and dismissed the case without prejudice. Trend timely appealed.

## II.   Jurisdiction & Standard of Review

We always have jurisdiction to determine jurisdiction, *United States v. Ruiz*, 536 U.S. 622, 628 (2002), and we have jurisdiction over the magistrate judge's final order, 28 U.S.C. § 636(c)(3). We review dismissals for lack of subject matter jurisdiction de novo. *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 225 (5th Cir. 2010); *see also In re Silver Slipper Casino Venture L.L.C.*, 264 F. App'x. 363, 365 (5th Cir. 2008) ("We review *de novo* the district court's dismissal of [a plaintiff's] claim for lack of admiralty jurisdiction.").

## III.   Discussion

"A Rule B maritime attachment is a remedy available only under a court's admiralty jurisdiction." *Alphamate Commodity GMBH v. CHS Eur. SA*, 627 F.3d 183, 186 (5th Cir. 2010). Thus, a plaintiff seeking attachment must show that "the underlying claim satisfies admiralty jurisdiction under 28 U.S.C. § 1333." *Id.* (quotation omitted). Here, jurisdiction turns on whether the lease agreements are maritime in nature.

In determining whether a contract is maritime, the relevant inquiry is whether the "principal objective of [the] contract is maritime commerce." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 25 (2004). Accordingly, we have held that, "[t]o be maritime, a contract (1) must be for services to facilitate activity on navigable waters and (2) must provide, or the parties must expect, that a vessel will play a substantial role in the completion of the contract." *Barrios v. Centaur, L.L.C.*, 942 F.3d 670, 680 (5th Cir. 2019); *see also In re*

No. 24-10105

*Larry Doiron, Inc.*, 879 F.3d 568, 576 (5th Cir. 2018) (en banc), *cert. denied*, 584 U.S. 994 (2018).  The lease agreements here fail both prongs.

First, the parties' agreements are not for services that facilitate activity on navigable waters.  The agreements are for the lease of chassis used to transport shipping containers by land after the containers have been unloaded from vessels.  Zariz does not unload the containers off the vessels itself.  Indeed, Zariz's operations are entirely land-based.  The fact that the shipping containers were previously transported on navigable waters does not change the nature of the parties' agreements, which facilitate only Zariz's land-based transportation operations.

Second, the parties' agreements do not provide that a vessel will play a substantial role in the completion of the contract.  The word vessels is mentioned only once in the Master Lease Agreement as part of an indemnity clause "for personal injury or death or for loss or damage to person, property, cargo or vessels or otherwise."  The Master Lease and subsequent lease agreements do not otherwise provide or indicate that a vessel is necessary for the lease of chassis.  Nor has Trend shown that the parties expected a vessel to play a substantial role.  Trend relies on Zariz's website and videos to argue that Zariz's operations have direct involvement with ocean vessels.  However, this evidence shows only that Zariz picks up cargo from ports for land transportation.  Of course, vessels are necessary to deliver cargo to the ports.  But use of these vessels is not a part of Zariz's operations, and most importantly, is not a part of the parties' agreement for the lease of chassis.

In sum, the principal objective of the parties' agreements is the lease of chassis for land transportation—not maritime commerce.  Accordingly, the contracts are not maritime in nature, and the district court lacked admiralty and maritime jurisdiction over the case.

No. 24-10105

## IV.   Conclusion

For the reasons set forth above, we AFFIRM the judgment of the district court vacating the maritime attachments and garnishments and dismissing the case without prejudice.